UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  24-80820-CIV-SMITH/REINHART

BELLAIRE MULTIFAMILY PROPERTY MANAGEMENT, LLC,

        Plaintiff,

v.

LYNDON SOUTHERN INSURANCE CO., et al.,

        Defendants.
_____/

# REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO TRANSFER VENUE (ECF No. 35)

Plaintiff brought this breach of contract action for denial of coverage under a Contractual Liability Insurance Policy issued by Defendant Lyndon Southern Insurance Company ("Lyndon").[1] According to the First Amended Complaint (FAC), Plaintiff owns and manages apartment complexes in Texas; the insurance policy offered protections that allowed Plaintiff and its tenants to dispense with the traditional security deposit required to secure a rental unit. ECF No. 32 at ¶¶ 3, 18, 22.  Several motions are currently pending in this case, including Defendants' motion to transfer venue of this action to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a).  ECF No. 35.  All pending motions

---

[1] Plaintiff filed this as a proposed class action under the Class Action Fairness Act (28 U.S.C. §1332(d)) and has sought leave to file a Second Amended Complaint (SAC) to add another policy holder as an additional plaintiff and class representative.  ECF No. 51.

have been referred to me by the Honorable Rodney Smith for appropriate disposition. ECF No. 50. For the reasons stated below, I **RECOMMEND** that the Motion to Transfer be **GRANTED** and the remaining motions be **DENIED AS MOOT.**

## LEGAL STANDARDS

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, the court must conduct a two-pronged inquiry. First, it must determine whether the alternative venue is one where the action could have originally been brought, and second, the court must balance "private and public factors to determine if transfer is justified." *Kennedy v. Fla.*, No. 22-21827-CIV, 2022 WL 22826592, at *2 (S.D. Fla. Dec. 30, 2022) (citations omitted).

Possessing broad discretion on this issue, courts typically consider the following factors in ruling on a motion to transfer:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC,* 994 F. Supp. 2d 1268, 1271-72 (S.D. Fla. 2014) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135, n. 1 (11th Cir. 2005)). The movant bears the burden of establishing that another district is a more convenient forum; generally, the plaintiff's chosen forum "should not be

2

disturbed unless it is clearly outweighed by other considerations." *Kennedy*, 2022 WL 22826592, at *1-2 (citations omitted).

## DISCUSSION

As an initial matter, Plaintiff does not appear to dispute that this action could have been brought in the Middle District of Florida, and therefore, the court has the discretion to transfer the case there. In its opposition papers, Plaintiff relies only on the convenience and fairness factors to argue that the case should remain in this District. Accordingly, this Court need only analyze the factors relevant to the second prong of the inquiry.

In seeking to transfer the action to the Middle District, Defendants focus primarily on the convenience of the witnesses as well as the locus of operative facts. Defendants note that the FAC specifically identifies two witnesses, a claims adjuster (James Winstead) and the Director of Lender Products Underwriting (Joseph Fess), as the individuals who denied the claims Plaintiff made on its insurance policy. ECF No. 32 at ¶¶ 28, 30, 31, 34; Exhibits B, C. It is undisputed that these individuals, as well as Chris Massey, another claims manager identified by Defendants, are located in Jacksonville, Florida (in the Middle District), where the insurer, Defendant Lyndon, has its principal place of business. ECF No. 35 at 5-6; 37 at 5, ECF No. 32 at ¶ 4.

On this first factor, Plaintiff counters that "because these witnesses are employed by Defendants, their convenience is entitled to little weight," since their attendance and testimony at trial can be compelled by their employer. ECF No. 37

3

at 6 (citing *Sorensen v. Am. Airlines, Inc.*, No. 22-CV-20265, 2022 WL 2065063, at *5 (S.D. Fla. June 8, 2022)).  However, the status of these witnesses as party-employees is disputed.  According to the FAC, the insurer, Lyndon, "has no employees" and relies on Defendant LOTSolutions to provide its personnel, equipment and facilities pursuant to an Administrative Services Agreement.  ECF No. 32 at ¶ 13.  That said, the FAC identifies James Winstead and Joseph Fess as employees of another Defendant, The Fortegra Group, Inc. (Fortegra), which Plaintiff alleges is the parent company of wholly-owned subsidiaries, Lyndon and LOTSolutions.  ECF No. 32 at ¶¶ 5, 9, 28, 34.

The FAC asserts that all of the Defendants are subject to alter ego liability (*id.* at ¶¶ 10-17), which Defendants dispute in their pending motion to dismiss (ECF Nos. 34, 52).[2]  In its response to the motion to dismiss, Plaintiff seems to withdraw these claims, stating that it "does not seek to impose liability on the Non-Lyndon Defendants based on an alter ego theory at this time" (ECF No. 38 at 3), but then Plaintiff reiterates the same alter ego allegations in its proposed SAC.  ECF No. 51-1 at ¶¶ 11-18.

Putting aside Plaintiff's alter ego theory of liability, Defendants also argue that Plaintiff does not have standing to allege claims against any of the Non-Lyndon

---

[2] A party alleging alter ego liability must show both a blurring of corporate lines and that the corporation was used for some illegal, fraudulent or other unjust purpose. *Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1265 (S.D. Fla. 2011) (citing *Dania Jai–Alai Palace v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984)). Neither the FAC, nor the proposed SAC, appear to allege facts satisfying these criteria.

Defendants for conduct relating to the policy. According to Defendants, in a breach of contract action for failure to provide coverage under an insurance policy, the insurer is the only proper defendant. ECF No. 52 at 7-8; *see also CMR Contruction & Roofing LLC v. Liberty Mut. Ins. Co.*, No. 219CV809FTM38NPM, 2020 WL 89586, at *1 (M.D. Fla. Jan. 7, 2020) (dismissing "improperly named defendant" from breach of contract case because "it did not issue the pertinent insurance policy"); *Stallworth v. Hartford Ins. Co.*, No. 306CV89/MCR/EMT, 2006 WL 2711597, at *7 (N.D. Fla. Sept. 19, 2006) (where insurance adjuster is not a party to the insurance contract, adjuster has no duty to provide coverage and breach of contract claim fails) (collecting cases).

Without deciding the viability of Plaintiff's claims against the Non-Lyndon Defendants, I find that because it is undisputed that neither of the witnesses named in the FAC (Winstead and Fess) are employed by Lyndon, they should not, at this stage, be deemed party-employees, whose convenience as witnesses is entitled to less weight.

Plaintiff also argues that the convenience of two other witnesses, employees of Lyndon's agent (RentSense LLC), who are located in the Southern District of Florida, should be taken into account. ECF No. 37 at 6-7. In opposing the transfer motion, Plaintiff contends that the representations RentSense made to it in marketing the insurance policy are relevant to this lawsuit. *Id.* at 3, 7. They are not. Neither the FAC, nor the proposed SAC, reference RentSense or contain any causes of action alleging misrepresentations. Thus, the testimony of RentSense employees is not

5

material to this lawsuit and their convenience is not a factor to be weighed in considering whether to transfer the case. *See Duffy v. Gen. Motors, Inc.*, No. 18-81726-CIV, 2019 WL 3412171, at *2 (S.D. Fla. June 6, 2019) (court shall "qualitatively evaluate the materiality of the testimony that the witness[es] may provide" in weighing convenience of the witnesses), report and recommendation adopted, No. 9:18-CV-81726, 2019 WL 3408927 (S.D. Fla. June 25, 2019). Based on the foregoing, I find that convenience of the witnesses favors transfer of the case to the Middle District.[3]

With regard to the fourth factor, locus of operative facts, it is well-settled that "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (quoting *Windmere Corp. v. Remington Prod., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985)). Here, the Court agrees with Defendants that the operative facts involve Lyndon's denial of Plaintiff's claims and that "th[e]se decisions were all made in Jacksonville." ECF No. 35 at 8 (citing Fess Decl. at ¶8). Again, Plaintiff's attempt to cast this lawsuit as one that hinges on representations non-party RentSense made in marketing the policy (ECF No. 37 at 8-9) is belied by the actual allegations in the FAC (and the proposed SAC). The only reliance alleged in the pleadings is Plaintiff's reliance on Lyndon's prior history of paying similar claims and its abrupt departure

---

[3] Both parties agree that the second, third, sixth and seventh factors are neutral.

from that practice. FAC at ¶¶24, 26. It is undisputed that Lyndon's decision-making process occurred in Jacksonville. Thus, this factor weighs heavily in favor of transfer.

With regard to the fifth factor, the Court's ability to compel the attendance of witnesses, Plaintiff again argues that the Court will be unable to secure the appearance of RentSense employees who live in this District. As is discussed above, these employees are unlikely to have information about Lyndon's decision to deny Plaintiff's claims. Therefore, their testimony is immaterial to the central issue in this lawsuit. The witnesses whose testimony may need to be compelled are the claims adjusters who are located in the Middle District. Therefore, this factor weighs in favor of transfer.

As is noted above, the eighth factor, Plaintiff's choice of forum, is generally given less consideration when the operative facts did not occur in Plaintiff's chosen venue. Again, Plaintiff contends that the representations RentSense made in this District regarding the scope of the policy's coverage provide the necessary nexus between the lawsuit and this District. For the reasons set forth above, this argument is unavailing; the operative facts clearly occurred in the Middle District. And so, Plaintiff's choice of this District is entitled to less weight.

Finally, the ninth factor, trial efficiency and the interests of justice, weighs in favor of transfer. Despite Plaintiff's claim that the Middle District "is far more congested" than this District, I find the more compelling considerations to be having controversies decided in the home forum and the unfairness of imposing jury duty on citizens in an unrelated forum. *See Rothschild Connected Devices Innovations, LLC*

*v. The Coca-Cola Co.*, No. 15-24067-CIV, 2016 WL 1546427, at *7 (S.D. Fla. Apr. 15, 2016). The Middle District encompasses Jacksonville, Florida, which is the place where Lyndon is headquartered, the coverage decisions were made, and the key witnesses are located. These undisputed connections, and the fact that this Court has had minimal involvement in this case since it was filed, weigh in favor of transferring it to the Middle District.

Therefore, this Court finds that Defendants have met their burden of establishing that transfer of this case to the Middle District of Florida is warranted.

## RECOMMENDATION

WHEREFORE, the undersigned **RECOMMENDS** that Defendants' Motion to Transfer (ECF No. 35) be **GRANTED** and the remaining motions be **DENIED AS MOOT**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 12th day of February, 2025, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE